FILED
SUPERIOR COURT
OF GUAM

2012 MAR 13 AM 9:38

CLERK OF COURT

BY:

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM ) | CRIMINAL CASE NOS. CF0601-11 |
| ) | |
| vs. ) | |
| ) | **DECISION AND ORDER ON THE** |
| ) | **PEOPLE'S MOTION TO TERMINATE** |
| MATEO BLANCO SARDOMA, JR., RUDY ) | **JOINT REPRESENTATION BY** |
| PAUL HERN ANDEZ SABLAN, MARIA ) | **DEFENSE COUNSEL** |
| CRISTINA P EDROSA. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena on January 31, 2012, on the People's Motion to Have Defense Counsel's Joint Representation Terminated. Assistant Attorney General Jonathan R. Luke appeared on behalf of the People of Guam. Attorney Curtis C. Van de veld represented Defendants Mateo Blanco Sardoma, Jr., and Maria Cristina P. Edrosa. Attorney Julie R. Rosete represented Defendant Rudy Paul Harnandez Sablan. Having considered the parties' written and oral arguments and the applicable law, the Court now issues its Decision and Order.

## FACTUAL HISTORY

On October 27, 2011, Defendant Sardoma appeared with his attorney, Curtis C. Van de veld, at a magistrate's hearing during which Sardoma was charged with several offenses. Thereafter, on November 4, 2011, a grand jury returned an indictment against Sardoma, Edrosa, and Sablan. The indictment charged Sardoma with Kidnapping (with a Special Allegation of Possession and Use of a Deadly Weapon in the Commission of a Felony), Conspiracy to Distribute a Schedule II Controlled Substance, Engaging in a Continuing Criminal Enterprise, Aggravated Assault (with a Special Allegation of Possession and Use of a

-1-

Deadly Weapon in the Commission of a Felony), Terrorizing, Felonious Restraint, Possession of a Schedule II Controlled Substance, Possession of a Firearm Without an Identification Card, Possession of a Concealed Weapon, and three counts of Child Abuse. The indictment charged Edrosa with Criminal Facilitation of Kidnapping, Permitting a Person Without an Identification Card to Use Her Firearm, and three counts of Child Abuse.

During Sardoma's arraignment on November 9, 2011, Attorney Van de veld entered a plea of not guilty for both Sardoma and Edrosa, despite the fact that Edrosa's arraignment was scheduled for November 16, 2011. Attorney Van de veld also announced that he would represent both Sardoma and Edrosa throughout the case. The People stated their oral objection to the joint representation on conflict of interest grounds.

On November 30, 2011, the People filed the present motion arguing that representation of co-defendants Sardoma and Edrosa by Attorney Van de veld creates both an actual[1] and potential conflict of interest. The People therefore request that Edrosa be appointed separate counsel. Attorney Van de Veld asserts that because Edrosa is not adverse to Sardoma, there is no actual conflict of interest and, even if there is a conflict or a potential conflict, both Edrosa and Sardoma waived their right to conflict free counsel and the Court must therefore preserve each defendants' right to maintain their counsel of choice. For the following reasons, this court GRANTS the People's motion.

## DISCUSSION

The Sixth Amendment to the Constitution guarantees that "in all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. "[W]hile the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will

---

[1] The prosecution alleges that an actual conflict exists in this case due to its belief that Sardoma is paying Edrosa's legal fees. While this Court agrees that payment of Edrosa's attorney's fees by Sardoma could create an actual conflict of interest for attorney Van de veld under Guam's ethics rules, this Court finds that evidence in support of the prosecution's allegation is insufficient to allow this Court to rule in favor of the prosecution based on this contention.

inexorably be represented by the lawyer whom he prefers." Wheat v. United States, 486 U.S. 153, 159, 108 S.Ct. 1692, 1697 (1988). Indeed, "the potential for serious conflicts is a consideration of judicial administration that can outweigh a defendant's right to counsel of choice." United States v. Voigt, 89 F.3d 1050, 1075 (3d Cir. 1996) (citing Wheat, 486 U.S. at 163); United States v. Moscony, 927 F.2d 742, 750 (3d Cir. 1991); Davis v. Stamler, 650 F.2d 477, 480 (3d Cir. 1981)).

"[T]rial courts, when alerted by objection from one of the parties, have an independent duty to ensure that criminal defendants receive a trial that is fair and does not contravene the Sixth Amendment." Wheat, 486 U.S. at 161, 108 S.Ct. at 1698. The court "must recognize a presumption in favor of [defendant]'s counsel of choice, but that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict. The evaluation of the facts and circumstances of each case under this standard must be left primarily to the informed judgment of the trial court." Wheat, 486 U.S. at 164, 108 S.Ct. at 1700. Although a defendant may generally waive potential conflicts, the court may deny the waiver if the potential conflict "creates a division of loyalties such that the attorney is incapable of diligently representing his client." United States v. Wheat, 813 F.2d 1399, 1402 (1987), aff'd, 486 U.S. 153, 108 S.Ct. 1692 (1988).

## I.  The Cooperation Plea Offer

The prosecution in this case has announced its intent to extend a cooperation plea offer to Edrosa in exchange for favorable testimony and information to be used in Sardoma's prosecution. This inevitable plea offer raises serious concerns about Van de veld's ability to advocate on behalf of both of his clients while bargaining for the best deal on behalf of one. Courts have recognized that effective assistance of counsel requires exploration of possible plea negotiations and that joint representation may undermine the attorney's pursuit of the most favorable deal. See Holloway v. Arkansas, 435 U.S. 475, 490, 98 S. Ct. 1173, 1181, 55 L. Ed. 2d 426 (1978) (expressing concern that joint representation may have precluded defense counsel from pursuing cooperation plea deal for one of his clients); Mannhalt v. Reed, 847

-3-

F.2d 576, 582 (9th Cir. 1988) ("Exploring possible plea negotiations is an important part of providing adequate representation of a criminal client, and this part is easily precluded by a conflict of interest.").

In the present case, when the government ultimately extends a plea offer to Edrosa, as it has announced it will do, Van de veld would inevitably be forced to counsel Edrosa on a deal that, by its terms, would attempt to provide Edrosa a potential benefit while damaging Sardoma's defense. Van de veld cannot know at this time whether Edrosa would, or should, accept any future plea offer extended by the government. And if Edrosa did testify against Sardoma as a prosecution witness, Van de veld would be compelled to conduct a thorough cross-examination, thereby forcing him adopt a position adverse to Edrosa. As such, the People's intended plea offer creates serious potential conflicts and raises concerns as to whether Van de veld's loyalties would be divided.

Van de veld argues that a ruling by this court denying joint representation based on a potential plea deal would effectively represent a per se rule against joint representation as the prosecution could, at any time, propose a plea deal and then file a motion to disqualify defense counsel. The Supreme Court, while acknowledging the potential for the prosecution to "manufacture" conflicts of interest has also recognized that "trial courts are undoubtedly aware of this possibility, and must take it into consideration along with all of the other factors which inform this sort of a decision." Wheat v. United States, 486 U.S. 153, 163, 108 S. Ct. 1692, 1699, 100 L. Ed. 2d 140 (1988). To be clear, this Court's findings regarding the potential conflicts are the result of careful consideration of the specific facts, allegations, and circumstances of this case and do not amount to a per se rule against joint representation.

## II.    *The Co-Defendants' Disparate and Potentially Adverse Positions*

In addition to issues raised by the impending plea deal, this court also finds a serious risk of conflict given the disparity of the kidnapping allegations and the level of alleged involvement by Sardoma and Edrosa, respectively. Sardoma is charged with Kidnapping while Edrosa is charged with the lesser crime of Criminal Facilitation of Kidnapping. It is possible that a conflict free advocate, zealously representing Edrosa's interests, might propose a defense

-4-

that shifted the blame entirely upon Sardoma for the events surrounding the alleged kidnapping. Furthermore, even if a conflict did not arise at trial from the joint representation, there is risk of conflict at any future sentencing hearing during which Edrosa's interests may be well-served by a conflict free advocate who could downplay Edrosa's involvement while emphasizing Sardoma's role. See, e.g., Holloway v. Arkansas, 435 U.S. 475, 490, 98 S. Ct. 1173, 1181, 55 L. Ed. 2d 426 (1978) (recognizing that joint representation can prevent defense counsel "from arguing at the sentencing hearing the relative involvement and culpability of his clients in order to minimize the culpability of one by emphasizing that of another."). Upon consideration of the disparity in charges and the alleged involvement between Edrosa and Sardoma, this court finds that concern for a fair trial and appointment of an effective advocate for both defendants support terminating joint representation in this case.

## CONCLUSION

It is generally true that a court must give preference to a defendants' choice of counsel. However, when the joint representation raises serious concerns about possible future conflicts that may prevent the attorney from acting as an effective advocate for one of his clients, a defendant's right to be represented by the counsel of his choice must give way to the right to effective representation. In such situations it is the court's responsibility to ensure that the defendant receives a fair trial by terminating the joint representation.

While the above findings are largely grounded upon concerns that are merely hypothetical at this stage of the prosecution, it is important to note that courts "must pass on the issue whether or not to allow a waiver of a conflict of interest by a criminal defendant not with the wisdom of hindsight after the trial has taken place, but in the murkier pre-trial context when relationships between parties are seen through a glass, darkly. The likelihood and dimensions of nascent conflicts of interest are notoriously hard to predict . . . ." Wheat, 486 U.S. at 162, 108 S. Ct. at 1699. Due to inherent uncertainties "[t]he [trial court] must be allowed substantial latitude . . . not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses." Wheat, 486 U.S.

at 163, 108 S.Ct. at 1699. After careful review of the facts and circumstances herein, this court agrees with the People that the serious potential for a conflict outweighs the defendants' right to counsel of their choice and finds that their right to an effective advocate trumps any valid waiver[2] of the right to conflict free counsel.

Based on the foregoing, the People's Motion to Have Defense Counsel's Joint Representation Terminated is hereby GRANTED. Attorney Van de veld indicated that in the event the motion were granted he would remain as counsel for Defendant Sardoma. As such Defendant Edrosa must seek separate counsel or this Court may appoint such counsel if Edrosa qualifies for indigent defense. A status conference is scheduled for April 3, 2012 at 2:00 p.m.

**SO ORDERED**, this 13th day of March, 2012.

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam



MAR 1 3 2012



---

[2] Though not necessary to the above findings, this Court notes the suspect nature of the waivers signed by Edrosa and Sardoma. As the prosecution highlights, the nearly identical waivers include the following statement: "After being advised of these potential conflicts of interest . . . I have decided that I would like to proceed with representation by Attorney Curtis C. Van de veld, Esq. as I believe that joint representation with my Co-defendant is the best means *of me being wrongly convicted of the charges against me*." (Acknowledgement and Waiver of Sardoma and Edrosa, ¶ 4, attached to Defs.'s Opp. to the People's Mot.) (emphasis added) Clearly defendants do not believe that representation by a respected and capable defense attorney is the best means of their being wrongly convicted. However, given this mistake, even if this Court were inclined to accept a waiver here this Court is not convinced that the documents signed by the defendants would suffice as a knowing and intelligent waiver of their right to conflict free counsel.